IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KENNETHY HORN

    Plaintiff,

v.                                                               Civ. 13-177 KG/GBW

BULL ROGERS, INC.,
BULL ROGERS LAYDOWN, INC.,

    Defendants.

## ORDER

This matter comes before the Court on Defendants' Motion to Quash Subpoena Duces Tecum and for Protective Order and Objections to Plaintiff's Notice to Take Depositions (*doc. 28*) and Plaintiff's Motion to Compel Deposition Testimony and Documents (*doc. 31*). Having reviewed the Motions, Defendants' Motion is **GRANTED** and Plaintiff's Motion is **DENIED**, for the reasons set forth below.

**I.**      **BACKGROUND**

This matter involves the alleged assault and constructive discharge of Plaintiff on the basis of racial animus. Plaintiff alleges that during the course of his employment as a lay down machine operator for Defendants from July 2010-January 2012, he was subjected to "severe and pervasive" harassment from his co-workers because he is African American. *Doc. 1* ¶¶ 10-12. This harassment included the frequent use of racial

slurs and racial stereotypes.  *Id.*  ¶¶ 13-24.  He also contends that one co-worker, Tim Stover, hit him in the eye with a rope.  *Id.* ¶ 18.

Plaintiff alleges that he complained to Defendants' Human Resources Department about this harassment on two occasions, and after being rebuffed, escalated his complaint to Defendants' vice president on at least one occasion.  *Id.* ¶¶ 25-28.  In January 2012, Plaintiff quit.  *Id.* ¶ 29.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. and the New Mexico Human Rights Act.  *Id.* ¶ 1. Among the damages Plaintiff seeks are punitive damages.  *Id.* ¶ 41.

II.   ANALYSIS

Defendants filed their Motion for Protective Order (Defendants' Motion) on November 6, 2013.  In this motion, Defendants sought relief from the required testimony at the noticed 30(b)(6) deposition of their company representative, on the following topics: (1) the net worth of Defendants; (2) the names and addresses of all employees employed during Plaintiff's period of employment; (3) Defendants' policy on hiring employees with criminal backgrounds.  *Doc. 28* at 5-6. Defendants also sought to avoid production of several categories documents including: (1) Plaintiff's W2s; (2) Defendants' employment discrimination policies; (3) witness statements about the incidences of discrimination alleged in Plaintiff's complaint; (4) documents pertaining to Defendants' net worth from 2009-2013; (5) records of complaints lodged against

2

Plaintiff while employed with Defendants; (6) records of investigations of discrimination alleged by Plaintiff during the course of his employment; (7) records of investigations of discrimination alleged by other employees against Defendants for the past 7 years; (8) records of disciplinary action taken against employees who used racial slurs; (9) records of disciplinary action taken against employees who used controlled substances; (10) the criminal records of all of Defendants' employees for the past 7 years; (11) records of any disciplinary action taken against Plaintiff. *Id.* at 5-9. Plaintiff failed to file responsive briefing to Defendants' Motion.

On November 8, 2013, Plaintiff deposed Mary White, the Defendants' designated Company Representative. *Doc. 31*, Ex. B. At the deposition, Ms. White did not produce the documents that are the subject of the Motion for Protective Order. Further, during the deposition, Plaintiff's counsel questioned Ms. White about the net worth of the company, and Defendants' counsel directed Ms. White not to answer any such questions. *Id*. at 52:22-55:16.

On December 13, 2013, Plaintiff filed his Motion to Compel, seeking to compel Ms. White to produce the requested documents relating to Defendants' net worth addressed in Defendants' Motion, as well as Ms. White's testimony on the topic, also part of Defendants' Motion. *Doc. 31* at 1, 12.

Under Local Rule 7.1(b) "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to

3

grant the motion." D.N.M.LR-Civ. 7.1(b).  Because Plaintiff failed to respond to Defendants' Motion, Defendants' Motion is **GRANTED**.  Plaintiff's Motion, as it seeks testimony and documents that are already addressed by the Court's ruling granting the protective order, is therefore **DENIED**.[1]

**IT IS SO ORDERED.**

                                                GREGORY B. WORMUTH
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] The Local Rules also require that a motion to compel be filed within 21 days of a party objecting to a discovery request.  D.N.M.LR-Civ. 26.6.  Plaintiff's failure to file a motion to compel within 21-days of the deposition would constitute an independent basis for reaching this result.

4